UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| DIEGO VANEGAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-30065-MGM |
| | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

ROBERTSON, U.S.M.J.

In this action, *pro se* litigant Diego Vanegas ("Plaintiff") seeks reimbursement from the United States Internal Revenue Service ("IRS") of monies that the IRS withheld from Plaintiff's tax refund. According to Plaintiff, the IRS claims that Plaintiff is not entitled to the funds because his daughter did not live with him in 2014.

In a memorandum and order dated April 4, 2018, the Court allowed Plaintiff's motion for leave to proceed *in forma pauperis*. The Court also explained that it does not have jurisdiction over this lawsuit unless Plaintiff has already filed a timely claim with the IRS. Because Plaintiff had not indicated whether or not he had filed such a claim, the Court directed Plaintiff to file an amended complaint.

On June 4, 2018, Plaintiff filed documents (Docket Entry #6), which were docketed as exhibits to the original complaint. The first page of these documents appears to be an amended complaint (although not titled as such), and Plaintiff alleges therein that he pursued administrative relief with the IRS.

Accordingly:

1. The Clerk shall docket the papers filed on June 4, 2018 (Docket Entry #6) as an amended complaint and exhibits thereto (collectively, "amended complaint"). The amended complaint shall be the operative pleading.

2. Because the United States, rather than the IRS, is the proper defendant, *see* 26 U.S.C. § 7422(f)(1), the United States of America will be substituted as the sole defendant, and the IRS shall be terminated as a defendant. The Clerk shall correct the docket accordingly.

3. The Clerk shall issue a summons and Plaintiff shall serve the summons, amended complaint, and this order upon the Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure and Local Rule 4.1.[1] Plaintiff shall have 90 days from the date of the issuance of the summons to complete service. Failure to complete service in a timely fashion may result in dismissal of the action.

4. Because Plaintiff is proceeding *in forma pauperis*, he may elect to have the United States Marshals Service ("USMS") complete service with all costs of service to be advanced by the United States. If so asked by Plaintiff, the USMS shall serve a copy of the summons, amended complaint, and this order upon the defendant as directed by Plaintiff. Plaintiff is responsible for providing the USMS all copies for service and for completing a USM-285 form for each party to be served. The Clerk shall provide Plaintiff with forms and instructions for service by the USMS.

         /s/ Katherine A. Robertson
         KATHERINE A. ROBERTSON
         United States Magistrate Judge

DATED: June 14, 2018

---

[1] Pursuant to Rule 4 of the Federal Rules of Civil Procedure, a summons will be issued as to the United States, and the plaintiff must serve the summons and complaint upon on the United States Attorney General, the United States Attorney for the District of Massachusetts, and the Internal Revenue Service. *See* Fed. R. Civ. P. 4(i)(1).